[L. A. No. 2399. Department Two.—April 14, 1910.]

MARY BACKMAN et al., Appellants, v. WILLIAM PARK et al., Respondents.

CONTRACT TO SELL LAND—VENDOR WITHOUT TITLE—TITLE AT TIME OF PERFORMANCE — REFUSAL OF TENDER — DAMAGES FOR BREACH.—A vendor who at the time of his contract to sell land was without title,

but who had a good title at the time of performance, and tendered a deed of the same and demanded performance by the purchasers, who refused to accept such tender or comply with such demand, may maintain an action to recover damages for breach of the contract by the purchasers.

ID.—SETTLED RULE—ENFORCEABILITY OF CONTRACT—INCHOATE TITLE NOT REQUIRED—ACQUISITION OF GOOD TITLE.—It is the settled rule in this state that the vendor need not have at least an inchoate title at the time of the contract; but that one may sell land to which he has no title, and the contract will be valid and enforceable if at the time of performance by him he is able to furnish a good title.

ID.—IMPROPER JUDGMENT FOR PURCHASERS—TENDER OF TITLE UNOBJECTED TO.—A judgment for the purchasers in the action for damages for breach by them of the contract of sale, on the ground that by reason of the plaintiff having no title or interest in the property which she agreed to convey she was not a vendor under section 3307 of the Civil Code, though she tendered a good title at the time of performance, to which no objection was made, was improper and untenable, and must be reversed.

ID.—DEFAULT OF VENDOR.—In such a case as this it is permissible for one to contract to convey title to land which he does not own; and he is in default under such contract only when the vendee has performed his part of the contract and made demand for a title which the vendor is unable to furnish.

ID.—TENDER OF DIRECT TITLE FROM DAUGHTER OF VENDOR AND HER HUSBAND—WAIVER OF OBJECTION.—Where the tender of title to the purchasers was of a deed executed to them directly by the daughter of the vendor, who held the complete record title, which deed was joined in by her husband, although the purchasers might have insisted upon title deraigned through the vendor, yet their failure to object on that ground was a waiver of the irregularity. In such case there is no reason in law or in equity for the refusal of defendants to accept the title tendered, and for their breach of the contract they are responsible in damages.

APPEAL from a judgment of the Superior Court of Los Angeles County.　Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

F. A. Stephenson, for Appellants.

W. W. Butler, for Respondents.

HENSHAW, J.—This action is by the vendor to recover damages for defendant's breach of agreement to purchase certain real property situate in the city of Redondo Beach.

By stipulation, many of the important facts were agreed upon. At the time of the execution of the contract the title to the property stood in the name of Kate Minerva Backman Palmer, a daughter of Mary Backman, plaintiff, and there was nothing of record to disclose that plaintiff had any title to or interest in the property. But, as provided by and in accordance with the terms of the agreement, plaintiff immediately procured the execution of a grant, bargain, and sale deed, executed by Kate Minerva Backman Palmer and her husband, and procured from the Title Insurance & Trust Company of Los Angeles, an unlimited certificate of title. On the seventh day of August, within the time limited by the contract, plaintiff tendered to the defendants the deed to the property so executed by Kate Minerva Backman Palmer and her husband, and again, on the sixteenth day of August, made a like tender, offering also the sum of twenty dollars to cover taxes for the fiscal year of 1905 and 1906, the amount of which taxes had not then been determined. The defendants refused to accept the conveyance or to execute any note or mortgage as contemplated by their agreement. It is not questioned here by defendants that the agreement to purchase was in form and substance sufficient to charge them. No objection was made by them to the certificate of title or to the deed.

The court gave judgment for defendants upon the contention, on which they here rest, that as it appears that plaintiff Mary Backman, at the time of entering into the contract with defendants did not have any title or interest in or to the property which she agreed to convey, she was not a vendor under section 3307 of the Civil Code. They further insist that their position finds abundant support in *Easton* v. *Montgomery,* 90 Cal. 307, [25 Am. St. Rep. 123, 27 Pac. 280], and *Gray* v. *Smith,* 83 Fed. 828. As to the cases which appellants cite in support of their contention that the contract was valid and that plaintiff Mary Backman, under that contract, stood in law as a vendor, they answer that the cases are to be read in the light of their facts, and that, so read, it appears that in each instance the purported vendor had some interest or title which he could perfect.

The question is thus presented whether one who, at the time of entering into the contract, has no right or title to the

land in question, may make a valid contract for the sale of that land to a vendee. In this state the question has long been settled in favor of the validity of such contracts. In *Joyce* v. *Shafer*, 97 Cal. 335, [32 Pac. 320], the first install-ment had been paid under an executory contract for the purchase of land. No other installments had been paid, and after the time for the payment of the last installment the vendor had conveyed the land for a valuable considera-tion to a third party; whereupon the vendee brought action to recover the first installment. This court, by Temple, J., first discussed the doctrine of rescission whereby, upon mutual abandonment, either party may recover the consideration paid, but declared that this was not a case for rescission but was an effort by the purchaser after his own default, to recover money paid by him when the vendor has not refused to complete the sale. Says the court: "The conveyance by the vendor was not a breach of the contract. One may sell land which he does not own, and yet be able, when the time of performance arrives, to furnish a good title. In the mean time the purchaser would not be at liberty to disaffirm the contract on the ground that *then* the vendor was unable to make a good title. It would be incumbent on him to offer to perform, or to show that at the time of performance the vendor could not furnish the title." It will be noticed that herein the rule is fairly and squarely declared, not as respondents would have it, that one may contract to sell land to which he has an imperfect or inchoate title, but that one may contract to sell land to which he has no title, and the contract will be valid and enforceable if at the time of performance by him he is able to convey good title. *Joyce* v. *Shafer* is approved in *Shively* v. *Semi-Tropic etc. Co.*, 99 Cal. 261, [33 Pac. 848]; in *Garberino* v. *Roberts*, 109 Cal. 125, [41 Pac. 857], and finally in *Hanson* v. *Fox*, 155 Cal. 106, [99 Pac. 489], where the pre-vious cases are reviewed, and it is said: "Nor does the fact which the court found, namely, that defendant had no title to the lots afford any reason for the interposition of equity. In a case such as this it is permissible for one to contract to con-vey title to land which he does not own, and he is in default under such contract only when the vendee has performed his part of the contract and made demand for a title which the vendor is unable to furnish. Such is and always has been the

settled rule in this state." *Easton* v. *Montgomery*, 90 Cal.
307, [25 Am. St. Rep. 123, 27 Pac. 280], contains no dec-
larations of law at variance with this, and indeed if it did,
of necessity it would follow that those declarations were
overruled by the above quoted utterances of this court in
later cases. *Easton* v. *Montgomery* declares: "We cannot
lose sight of the proposition that in this country, where
values of land fluctuate rapidly and where transfers are so
frequent, it is very common for the purchaser of land to
make a transfer of land before he has acquired the title. It
would work great injustice to hold that no one could make
a valid contract for the sale of land until he had himself
become clothed with the absolute title. . . . It is not necessary
however, that the vendor should be the absolute owner of the
property at the time he enters into the agreement of sale."
In *Easton* v. *Montgomery* the vendee sought to justify his
refusal to proceed upon the ground of a defect in the vendor's
title. The court was not considering the case of a vendor
without title at the time of making the contract, and its
language is addressed to the situation actually before it.
The court lays down the well-established rule that in every
executory contract for the sale of land there is an implied
condition that the title of the vendor is good, and that he will
transfer to the purchaser by his deed of conveyance a title
unencumbered and without defect; but the vendor sufficiently
complies with this obligation if he is able to give a good
title at the time when, by the terms of his contract of sale,
he is required to make the conveyance. Says the court: "It
is not necessary that the vendor should be the absolute owner
of the property at the time he enters into the agreement of
sale. An equitable estate in land, or a right to become the
owner of the land, is as much the subject of sale as is the
land itself, and whenever one is so situated with reference
to a tract of land that he can acquire the title thereto, either
*by the voluntary act of the parties holding the title,* or by
proceedings at law or in equity, he is in a position to make
a valid agreement for the sale thereof." Measured by the
rule and language of *Easton* v. *Montgomery,* the plaintiffs
by the tender of a good and sufficient deed to the property,
within the time and under the terms limited by their contract,
demonstrated their ability to acquire and transfer the title

by the voluntary act of the parties who had formerly held it. Upon this subject and in support of the doctrine of our court, reference may be made to *Dressel* v. *Jordan,* 104 Mass. 407; *Daily* v. *Minnick,* 117 Iowa, 563, [91 N. W. 913, 60 L. R. A. 840], and *Logan* v. *Bull,* 78 Ky. 607.

*Gray* v. *Smith,* 83 Fed. 828, does not express views at variance with those adopted by this court, and if it did it would be sufficient to say that those views, not being upon a federal question, would have no weight in overthrowing the deliberate judgments of this court. *Gray* v. *Smith* was an effort by a vendor to recover damages for the vendee's withdrawal from an executory contract of sale. But the vendor in that instance had neither title nor means of procuring title, and did not and was not able to tender title, but rested his right of action solely upon the default and refusal of the vendee to proceed. It is in view of these facts that the circuit court used the following language: "The case presented for our consideration therefore was one in which the plaintiff made a contract to sell real estate of which he was not the owner and in which he had no right, title nor interest, nor the ability to compel, by the law or otherwise, a conveyance from the owner. . . . One who makes a contract to sell property of which he has no title, nor the certain means of procuring title, presents no facts upon which damage to him may be predicated if the purchaser withdraws from the contract." This last declaration is in strict accord with the views of this court, with the proviso added that the time limited by the contract in which the vendor is to procure title has at the time of the vendee's withdrawal expired. Otherwise, and by the very terms of the contract, the vendor who has stipulated to make title by a certain date, cannot be in default. Such in effect was the case of *Burks.* v. *Davies,* 85 Cal. 110, [20 Am. St. Rep. 213, 24 Pac. 613], where the contract was a mere option, exercisable by the vendee at any time within its life, to purchase lands agreed to be conveyed by the vendor. As to some of these lands the vendor had no title, discovering which the vendee gave notice of rescission. The vendor at the time of the notice had not procured or taken steps to procure title to the lands which he did not own. As the vendee's option could be exercised at any time, it was held by this court that it became the vendor's duty to be ready at all times

within the period of the option during which a conveyance might be demanded by the purchaser, to convey good title to him of all the lands which he had agreed to sell, and his inability and unreadiness so to do justified a rescission of the option.

But the case at bar is radically and essentially different from the two which have last been considered.    Here the vendor entered into a contract to make a conveyance within a given time.    She made tender, of full and complete title, and the tender was refused.    True, the title tendered was not her own, and it is recognized that the vendee might have insisted upon title deraigned through the vendor.    But their failure to object upon this ground was a waiver of the irregularity.    (*Royal* v. *Dennison,* 109 Cal. 558, [42 Pac. 39].) The case then presented, in brief, is one where the vendor within the time limited by the contract has made good and sufficient tender of full and complete title to the land agreed to be sold.    No reason in law or in equity exists for defendants' refusal to accept the tender, and for their breach of contract they are responsible in damages.

The judgment appealed from is therefore reversed and the cause remanded.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.