[L. A. No. 2978.  Department Two.—March 1, 1913.]

## L. H. S. BARROWS, Respondent, *v.* STEPHEN A. HARTER, Appellant.

VENDOR AND VENDEE—RESCISSION OF CONTRACT—EACH PARTY MUST MAKE RESTORATION.—In case of a rescission of a contract for the sale of land, under general principles of equity as well as under sections 1691 and 3408 of the Civil Code, each party, when it is practicable, must restore to the other whatever of value he has received.

ID.—RESCISSION BY VENDOR—RETURN OF INSTALLMENTS OF PURCHASE PRICE—VALUE OF RENTS AND PROFITS—SETOFF.—In an action by the vendor for the rescission of a contract for the sale of land, the possession of which had been given to the vendee, the right of the latter to the return of the amounts which he had paid upon account of the purchase price, and for permanent improvements, taxes, and the like, is subject to the right of the vendor to set off against such amounts the value of the rents, issues, profits, use, and occupation of the premises while in possession of the vendee.

ID.—ACTION FOR RESCISSION—INABILITY OF VENDEE TO PAY PURCHASE PRICE.—The court is justified in decreeing a rescission of such contract for default of the vendee, in an action commenced on the eighth day after notice of the rescission was given, if the vendee, notwithstanding his alleged willingness and ability to make the payments required of him by the contract failed absolutely to show his ability to pay at the time of the trial.

ID.—INJURIOUS DELAYS IN PAYMENT.—It cannot be held that the vendor was uninjured by the delays and defaults of the vendee, where it appears that he had been deprived for six years of the possession of his land, and for more than two years had received no return by way of principal or interest upon the purchase price.

ID.—VENDOR WITHOUT MERCHANTABLE TITLE.—The mere fact that the vendor, at the time of the execution of the contract of sale, did not have a merchantable title to the land, was not a justification for the default of the vendee in the payment of the installments of the purchase price.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

M. B. Butler, for Appellant.

J. H. Merriam, for Respondent.

HENSHAW, J.—Under a contract of sale of a certain piece of property, entered into between plaintiff and defendant herein, the vendee entered into possession, and threafter continuously remained in possession of the property contracted to be sold. Under this contract, and an extension thereof agreed to by the parties, defendant paid a small portion of the purchase price and certain sums by way of interest, altogether, as the court finds, aggregating five hundred and seventy dollars. He ceased paying interest in May, 1909, and continued in possession of the land thereafter without paying any part of the principal or interest as provided in the contract. On January 27, 1911, plaintiff gave notice to defendant of his rescission of the contract, offering to restore to defendant everything of value which he had received under the contract, upon condition that defendant do likewise. Subsequently, on February 4, 1911, plaintiff commenced this action. Defendant by answer and by cross-complaint expressed his willingness and ability to comply with the terms of the contract and make the payments therein contemplated, and further demanded from plaintiff the return of the moneys which he had paid upon account of the purchase price. The court, in addition to the findings indicated by the above statement of facts, further found that plaintiff had rescinded in accordance with law; that defendant was not able to comply with the terms of his contract; that the value of the use and occupation of the premises which had been enjoyed by defendant since the date of the contract, for a period exceeding six years, was seven hundred dollars, and decreed a rescission of the contract and the restoration to plaintiff of his land and premises.

Upon this appeal the questions principally urged are that the court erred in not decreeing a repayment to the vendee of the amount which he had paid, principal and interest, upon account of the purchase price, and this, without diminution on account of the value of the rents, issues, profits, use, and occupation of the premises in possession of the vendee. In support of this, certain detached utterances are taken from cases, these utterances declaring very properly that in rescission the vendee is entitled to a restoration of the moneys paid by him. Ordinarily he is so entitled. He is entitled, as well, to an allowance for permanent improvements, taxes paid, and

the like. The cases to which we have adverted, however, are cases where there was no question of set-off against these amounts on account of the use and occupation of the premises. In cases of rescission, under general principles of equity as well as under our code provision, each party, when it is practicable, must restore to the other whatever of value he has received. Such is the rule of section 1691 of the Civil Code, and it is still further emphasized by section 3408, which declares: "On adjudging the rescission of a contract, the court may require the party to whom such relief is granted to make any compensation to the other which justice may require." The principle under which the court in the case at bar acted is that clearly enunciated in *Gates* v. *McLean,* 70 Cal. 42, [11 Pac. 489], and uniformly followed throughout all our later decisions. In that case, speaking of a vendee's right under rescission against a defaulting vendor, it is said that it is his duty to "offer to, and to restore the possession, in which case he may recover the purchase money advanced and the interest, together with the value of his improvements, deducting therefrom such sum as the use of the premises may reasonably have been worth." That the rule in this state is not peculiar to our jurisdiction may be seen from 2 Warvelle on Vendors, section 869, and cases. Here the sum actually paid by defendant was five hundred and seventy dollars. The value of the use of the premises is found to be seven hundred dollars. The court did not even give judgment against the defendant for the difference, one hundred and thirty dollars, but allowed him to retain it. He has no cause of complaint.

Appellant further urges that notwithstanding his own default, the court should not have decreed a rescission, since notice of rescission was given on the twenty-seventh day of January, 1911, and the action was commenced on the fourth day of February, 1911. To this it is sufficient to answer that while in his answer the defendant expressed his willingness and ability to make the payments required of him by his contract, even so late as the time of the trial he failed absolutely to show his ability. If his expressed willingness had then been accompanied by a present ability to pay, the decree might have been different. Under the circumstances he has nothing to complain of. He urges further in this connection that plaintiff was not injured in any respect by his defaults and

delays, but, in contemplation of the fact that plaintiff had been deprived for six years of the possession of his land, and for more than two years had received no return by way of principal or interest upon the purchase price, it cannot be said that this position is well taken.

Complaint is made of the refusal of the court to permit the entry in evidence of a certain judgment-roll which confirmed the title to the property in the plaintiff. It is said that this judgment-roll would have shown that up to the time that the judgment became final the plaintiff did not have a merchantable title. But this fact, if it be a fact, affords no justification for defendant's defaults. (*Joyce* v. *Shafter*, 97 Cal. 336, [32 Pac. 320]; *Backman* v. *Park*, 157 Cal. 607, [137 Am. St. Rep. 153, 108 Pac. 686].)

The judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.