### McLEOD v. SKIPPER.

No. 19738.   Opinion Filed Sept. 16, 1930.

Rehearing Denied Dec. 16, 1930.

B. C. Franklin, for plaintiff in error.

R. W. Skipper, for defendant in error.

LESTER, V. C. J. The parties on appeal appear in the reverse order to that in the district court, and for convenience will be referred to as they appeared there.

The plaintiff recovered judgment against the defendant in the sum of $105, on account of an alleged breach of contract growing out of a written sale of certain real property between the said parties.

There was deposited with the contract of sale an escrow agreement and deed to the property, in which the defendant paid the sum of $15 on the execution of said instrument. He also agreed to pay the further sum of $15 per month until the full sum of $300 was paid, and upon completion of the payment thereof he was to receive a deed for said land.

The defendant defended the action on the ground that the plaintiff was not the owner of said property. However, the deed was signed and executed by the actual owners of the land.

The defendant thereafter refused to make any further payments under this contract and failed to demand of the plaintiff that he procure title to property in his own name.

In the case of Backman v. Park (Cal.) 108 Pac. 686, the court, in paragraph 2 of the syllabus, stated the rule to be:

"While the purchaser could have insisted on title deraigned through plaintiff, instead of through the owner of the record title, who executed the deed, failure to object to the deed tendered on that ground waived such irregularity."

In 27 R. C. L. 321, section 16, we find the following language:

"It is not unusual for persons to contract to convey by a certain time, though they have not title to the land at the time of the contract, and the validity of such contracts is upheld. And a fortiori it is not necessary that the vendor should be the absolute owner of the property at the time he enters into the agreement of sale. An equitable estate in land, or a right to become the owner of the land, is as much the subject of sale as is the land itself, and whenever one is so situated with reference to a tract of land that he can acquire the title thereto, either by the voluntary act of the parties holding the title or by proceedings at law or in equity, he is in a position to make a valid agreement for the sale thereof, without disclosing the nature of his title."

We find no error in the judgment; therefore, judgment is affirmed.

MASON, C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. ANDREWS, J., absent.