This motion is by the complainant for a rehearing of the cause reported in 107 N.J. Eq. 240, in which it was held that the defendant was entitled to be relieved of the decree to perform his contract of purchase because, as reported by *Page 200 
the master to whom it was referred to supervise the performance of the decree, the title to the land at the time of the decree was subject to an easement and therefore not free and clear of encumbrance and marketable as the complainant had covenanted it should be.
The complainant's principal contention is that after the decree the court gave him further time to clear his title of the easement. That is an erroneous impression. What happened was this: The defendant's counsel, in the presence of the counsel for complainant, moved to be relieved because the deed offered at the trial, and there represented to be a release of the easement, was not a release by the owner of the easement, the Weequahic Land Company. As the question of title at the time of the decree was one for the master's office, and as the decree failed to designate a master, a supplemental order was entered supplying the deficiency. Upon the coming in of the master's report, the motion to be released was decided. The complainant now renews the argument made on the motion to relieve, that he had an equity to further time to perfect his title and that the equity was recognized in the making of the supplemental order. That is a misapprehension. While the effect of the supplemental order was to give the complainant further opportunity to demonstrate before the master that he had good title at the decree, it did not and it was not intended to give him further time to perfect his title. The complainant, obviously, has a misconception of the court's power in the circumstances. The law fixes the time when the title must be marketable — the time of the decree. In the absence of some special equity the court has no discretion to extend the time, nor did it presume to do so. The alleged equity heretofore considered and now again pressed, is that defendant's counsel did not disapprove the supposed deed of release when it was shown to him before the hearing, nor dispute its efficacy at the trial, but first rejected it on the day fixed by the decree for performance, and, consequently, his conduct lured the complainant into a feeling of security and then took advantage of him. The answer to to this is, that the complainant's counsel himself knew that *Page 201 
the easement resided in the Weequahic Iand Company and that that company alone could release it, and knew, or was charged with knowing, that the deed did not discharge the easement. In these circumstances, the failure of defendant's counsel to critically examine and point out the futility of the purported release by the Bell Telephone Company, the licensee, and to disapprove or dispute it after the complainant's counsel misrepresented to him, as he did to the court, that it was an effectual release, did not raise an equity. An equity cannot be evolved upon the complainant's own dereliction.
The further point, made for the first time, is that the title was, in fact, clear at the time of the hearing because the easement is in gross and not appurtenant to lands remaining to the Weequahic Land Company, that the company has no lots remaining and that the easement in gross is spent. There is legal merit in the point, deserving of further discussion and consideration.
If counsel will agree, the question may be decided on the depositions taken before the master which were there offered to show inter alia that the easement as part of a community scheme was not uniform and therefore not an encumbrance (an issue that had not been referred to him). Otherwise there will be a rehearing. *Page 202