[L. A. Nos. 13061, 13062. In Bank.—May 24, 1933.]

HENRY POTHAST, Respondent, v. CORA S. KIND et al., Appellants.

CORA S. KIND et al., Appellants, v. CITIZENS NATIONAL TRUST AND SAVINGS BANK (a National Banking Association), Defendant; HENRY POTHAST Appellant.

Wheeler & Wackerbarth and Henry E. Carter for Appellants.

Victor R. Hansen for Respondent.

PRESTON, J.—We have for review, upon separate judgments, two causes heard together. Separate clerk's and one reporter's transcripts have been filed. The judgments were for Henry Pothast in both cases, he being a plaintiff in the one and a substituted defendant for Citizens National Trust and Savings Bank in the other; appellants are defendants in the one case and plaintiffs in the other. The judgments are consistent with each other and adjudicate the title to each of two lots, Nos. 35 and 36, both owned by said

respondent prior to his negotiations with appellants, as a result of which his title to both was clouded by a written escrow agreement and its amendments. This agreement the trial court has, by its judgments, declared inoperative. The applicable principles of law are simple and require an affirmance of both judgments. The facts giving rise to the application of these principles, however, are quite complicated. But it suffices to say that on April 26, 1929, respondent and appellant Cly entered into a written escrow agreement, making defendant bank the escrow agent. The essence of the agreement was that respondent was to deliver to the escrow party deeds to Cly or his assigns for the lots, in return for two notes which were second liens on other property, together with another second lien on one of the lots to be conveyed, plus a cash payment of $2,000. This cash payment is to be noted as the important item in the consideration of these appeals.

The deeds were duly made and deposited by respondent and the deed to lot 35 was actually delivered to the grantee and recorded and later a mortgage lien was placed thereon by said grantee. This transaction was the subject of the judgment in the case of *Pothast, Plaintiff*, v. *Kind et al., Defendants*. The relief there given was a cancellation of the deed and mortgage, together with a decree quieting respondent's title to said lot on payment of the sum of $500. The second judgment decreed that respondent was entitled to a return from the escrow of the deed to lot 36.

The escrow agreement was indivisible and the delivery of the deed that was recorded was not a separate transaction as the consideration from the purchasers moved to respondent in bulk for both lots. Said agreement was dated April 26, 1929, and allowed ninety days for deposit of the abovementioned cash payment of $2,000. The immediate controversy between the parties, however, is disclosed by the following additional facts: On June 24, 1929, appellants and certain third parties entered into a supplementary escrow with the same escrow agent, but to which respondent was not a party, pursuant to which $2,500 was paid to said escrow agent to be used under certain restrictions. From this sum appellants intended to have paid the $2,000 called for by said first-mentioned escrow agreement.

On July 16, 1929, by written notice, respondent undertook to cancel the entire escrow and demanded the return of his deed to lot 36, together with a reconveyance of lot 35. Following this event, and on July 22, 1929, the $2,500 in the supplemental escrow was returned to the party who advanced it. Appellants did not redeposit any sums whatsoever until August 3, 1929, some nine days after expiration of the time limit provided for by the escrow agreement with respondent. The whole controversy, therefore, turns upon the effect, if any, of respondent's attempt to cancel the escrow upon the duty of appellants to make and maintain said cash deposit during the prescribed period.

It is the contention of appellants that when respondent undertook to repudiate the escrow agreement, they were thereby relieved of any further duty to deposit said $2,000 and the deposit thereof was waived by such anticipatory breach of the agreement. But it seems clear that appellants have a misconception of the nature of an escrow agreement of the type here in question. When respondent delivered the deeds to the escrow party, pursuant to the mutual covenants of the parties, it became an irrevocable act upon his part and his attempted cancellation thereof during the escrow period was wholly ineffectual for any purpose. And, correspondingly, the duty of appellants to provide the $2,000 within ninety days was a continuing one, which could not be waived by the unauthorized action of respondent in the premises.

This was not a case where the parties were dealing directly with each other and where an anticipatory breach by one might have excused performance by the other. Under well-settled rules of law, governing escrow agreements, the escrow agent was without power to deliver the deed after expiration of the ninety days unless all the terms of the escrow had been fully complied with. It is well settled that performance must be made within the time limit of the escrow agreement. The failure to have the cash deposited with the escrow agent within the time limit provided by the agreement therefore entitled respondent to the relief given him by both judgments. The provision of said agreement to the effect that the purchaser would carry out the escrow on his part after the expiration of the ninety-day period unless a written demand for return of the money

and instruments deposited by him was made does not alter the situation. Respondent had the right to rely upon the terms of the escrow that required deposit of the $2,000 within said prescribed period.

This opinion could be extended by a recital of further facts and the citation of authority but enough has been said to make applicable the settled principles of law above alluded to.

The several judgments are affirmed.

Shenk, J., Langdon, J., Curtis, J., Thompson, J., and Seawell, J., concurred.