[Civ. No. 3667.   Fourth Dist.   Oct. 6, 1947.]

EDYTHE B. ANDERSON et al., Respondents, v. SOUTH-
ERN TITLE & TRUST COMPANY (a Corporation),
Defendant; WALTER M. McKELLAR et al., Appellants.

Henry J. Bischoff for Appellants.

James C. Henderson for Respondents.

MARKS, J.—This is an appeal from a judgment against
defendants for a $1,100 deposit made on the purchase price

of real property on which was a dwelling. The purchase was not completed.

Appellants were the owners of the property in the city of San Diego which they proposed to sell to respondents for $20,000.

On October 14, 1945, respondents paid appellants $100 as a deposit on the purchase price. The next day written escrow instructions were given to the Southern Title and Trust Company, with which respondents deposited an additional $1,000. The time for completion of the escrow was fixed at November 15, 1945. The following appears in respondents' portion of the instructions:

"I understand I am to have possession of the above described premises at close of escrow." And, "Termite clearance to be furnished at expense of seller before close of escrow." The instructions also contain the following:

"I agree that no notice, demand, or change of instructions shall be of any effect unless given in writing and approved in writing by all parties affected thereby.

"In the event the conditions of this escrow have not been complied with at the expiration of the time provided for herein, you shall complete the same at the earliest possible date thereafter, unless I shall have made written demand upon you for the return of all instruments or money deposited by me."

Under date of October 22, 1945, appellants delivered additional or amended escrow instructions to the title company, in which the following appears:

"Amending the instructions given you as of October 15, 1945, which were given you by the buyers herein, I hand you termite report made by Smale's Termite Control Service as of February 12, 1945, and said termite report is the only termite clearance that I will furnish on property covered by above numbered escrow. If the buyers herein wish further termite report and clearance, they are to furnish same at their own expense.

"Regarding matter of possession of property covered by above numbered escrow, possession is to be given on or before November 25, 1945, if possible, and in any event not later than December 10, 1945."

One copy of the amended instructions was delivered to respondents about October 23d, but they did not sign or approve it. The escrow agent wrote them two or three letters

requesting them to sign and thus approve the amendments. This they did not do. Appellants knew before the 15th of November that respondents had not approved the amendments.

On November 16th, 1945, respondents notified appellants that they had cancelled the escrow and demanded of them and the escrow holder, in writing, the return of the money deposited, which demand was refused. Thereafter appellants offered in writing to perform under the terms of the original instructions.

■ Respondents testified that possession at the time specified in the escrow was material to them for reasons given and that they wanted a current "termite clearance" instead of the "termite report" dated February 12, 1945, which appellants proposed to furnish them. There is evidence in the record to the effect that there is a material difference between a "termite clearance" and a "termite report" and that the "termite clearance" is much more advantageous to the purchaser.

Appellants testified that respondents told them that respondents were comfortable in their apartment and that the time of getting possession of the house was not important; that they would regard as sufficient the Smale's Termite Control Service report. From this appellants argue that they were lulled into a sense of security and the belief that the amended escrow instructions were satisfactory and that the transaction would be completed. Respondents denied making such statements. This situation presents a conflict in the evidence which was resolved against appellants by the trial judge which is final and conclusive here.

■ The provisions of the escrow instructions are clear and explicit. The proposed amendments were not approved in writing by respondents so they can be given no effect. Appellants knew they had not been approved in time to have completed the transaction under the signed instructions. This they did not do, so respondents were entitled to demand and receive the return of the money deposited by them.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied October 29, 1947, and appellants' petition for a hearing by the Supreme Court was denied December 4, 1947.