[Civ. No. 24338.   Second Dist., Div. Two.   June 14, 1960.]

ALTADENA ESCROW CORPORATION (a Corporation),
Plaintiff, v. PAUL W. BEEBE et al., Respondents;
CHARLES E. COWPLAND et al., Appellants.

Frederick L. Botsford and R. P. Reddingius for Appellants.

Ross W. Amspoker for Respondents.

ASHBURN, J.—Altadena Escrow Corporation, as escrow holder, filed an interpleader action against Paul W. Beebe and wife and Charles E. Cowpland and wife, which eventuated in an action between the Cowplands as cross-complainants and the Beebes as cross-defendants, wherein the former sought damages for breach of contract. Judgment went in favor of the Beebes and the Cowplands appeal.

Essentially this is a fact case. Charles E. Cowpland and Paul W. Beebe, having orally agreed upon a sale by the former to the latter of certain real property situated in Monrovia, met on November 27, 1957, at the office of Altadena Escrow Corporation to establish an escrow. Instructions were drawn which specified a price of $42,500, payable $15,500 in cash and the balance through assignment by Beebe to the seller of three trust deeds totaling $27,000 face amount. The instructions also called for a standard form policy of title insurance showing title vested in the buyer. "The Grant Deed to the East Foothill Boulevard property above described shall be filed for record prior to December 31, 1957, and the policy of title insurance issued prior to said date. . . . If the conditions of this escrow have not been complied with prior to December 27, 1957 or any extension thereof, you are nevertheless to complete the escrow as soon as the conditions, except as to time, have been complied with, unless written demand shall have been made upon you not to complete it." Both parties signed escrow instructions at that time and Beebe then deposited with the escrow holder his signed duplicate, together with the specified notes and trust deeds which had been duly assigned to Cowpland. Cowpland took his signed duplicate instruction with him and turned it over to his attorney where it remained until December 23rd. Prior to that time no Cowpland instructions were ever delivered into escrow. Beebe mailed formal notice to the escrow holder on December 27th (received by it on Saturday, December 28), that, as the escrow could not be completed within the time prescribed, it should abandon any attempt to complete and should return to him all documents theretofore deposited. Conflicting claims having been made upon it, the escrow corporation instituted its interpleader action.

The only substantial issue at the trial was whether Beebe

properly gave notice to terminate the escrow. We accept the facts as found by the trial judge for they are supported by substantial evidence. Prior to December 23rd there never was any enforceable escrow because Cowpland had never deposited any instructions. The Beebe instructions had the status of an unaccepted offer meantime. When Cowpland's instructions were deposited on December 23, 1957, there was insufficient time left for completion within the period specified, i.e., compliance with all terms prior to December 27th and the recordation of deed prior to December 31st. A title report was ordered on the 23rd but not received until January 3rd. Inability of the escrow holder to close the escrow within the specified time was proximately caused by Cowpland's failure to deposit any instructions prior to December 23rd. The court found: "The reason for the failure of the escrow holder to comply with said escrow instructions prior to December 27, 1957, was the failure of cross complainants to deposit escrow instructions with the escrow holder until December 23, 1957."

"It is established in this state that the terms and conditions of an escrow must be strictly performed. . . . The doctrine of substantial performance does not apply." (*Todd* v. *Vestermark,* 145 Cal.App.2d 374, 377 [302 P.2d 347].)

Beebe was in position to produce forthwith the cash required of him and he was entitled to terminate the escrow and have his trust deeds returned when it appeared on the 27th of December that the time specified in the instructions had elapsed and it was no longer possible for Cowpland to perform. (See *Pothast* v. *Kind,* 218 Cal. 192, 195 [24 P.2d 771]; *Anderson* v. *Southern Title & Trust Co.,* 81 Cal.App.2d 700, 702 [184 P.2d 949]; *Spangler* v. *Castello,* 147 Cal.App. 2d 49, 52-53 [304 P.2d 752]; 18 Cal.Jur.2d, § 31, p. 360.) From this it follows that Cowpland's claim for damages is without merit.

Appellants also challenge the court's award to Altadena Escrow Corporation, as plaintiff in interpleader, of certain items of expense claimed by it as escrow holder aggregating $244; also an attorney fee of $275. It was stipulated at a pretrial hearing that those items are correct in amount and should be awarded to Altadena Escrow Corporation; also that the court should determine which party is liable for same. The escrow instructions provide that the parties thereto

should be jointly and severally liable for any attorney fees incurred by the escrow holder in an interpleader action. The court held appellants to be liable and made the judgment accordingly. The escrow having failed through their rendering closure within the prescribed time limit impossible, there is no inequity in their being charged with those expenses of the escrow holder.

Counsel for appellants calls upon this court to make new findings and conclusions pursuant to section 956a Code of Civil Procedure and rule 23(a) of Rules on Appeal. This request is made in support of the claim that the evidence is insufficient to support the findings of the trial court and to the end that the judgment be reversed. As has been pointed out, the findings are supported by substantial evidence. Moreover, appellate courts do not make new or additional findings for the purpose of reversal except in rare instances (of which this is not one) and never for the purpose of reviewing conflicting evidence. (See *Tupman* v. *Haberkern*, 208 Cal. 256, 263, 268 [280 P. 970]; *Isenberg* v. *Sherman*, 212 Cal. 454, 461 [298 P. 1004, 299 P. 528]; *Gantner* v. *Gantner*, 39 Cal.2d 272, 281 [246 P.2d 923]; 4 Cal.Jur.2d, § 629, p. 517.) The request that this court make new findings is denied.

Judgment affirmed.

Fox, P. J., and Richards, J. pro tem.,* concurred.

A petition for a rehearing was denied July 8, 1960, and appellants' petition for a hearing by the Supreme Court was denied August 10, 1960.

---

*Assigned by Chairman of Judicial Council.