[Civ. No. 6671. Fourth Dist. May 1, 1962.]

IRENE Z. PIKE, Plaintiff and Respondent, v. GEORGE J. W. VON FLECKENSTEIN et al., Defendants and Appellants.

Lester V. Peterman and Wallace J. Manley for Defendants and Appellants.

David N. M. Berk for Plaintiff and Respondent.

COUGHLIN, J.—This is an appeal from a judgment decreeing specific performance of a contract to purchase real property.

The contract in question was evidenced by written escrow instructions; was dated March 3, 1959; contained a description of the subject property, which approximated 6.9 acres; and provided, in substance, that the defendants, the appellants herein, would deposit $20,000 in cash with the escrow holder, $1,000 thereof forthwith and the balance within 65 days, to be delivered to the plaintiff when the latter had placed with the escrow holder such instruments as might be necessary to enable the issuance of a policy of title insurance showing title to the subject property to be in the defendants free and clear of all encumbrances, except current taxes and easements of record. The escrow instructions also contained the following proviso: "SUBJECT TO APPROVAL OF BUYER OF A PRELIMINARY REPORT AND PLAT OF ABOVE DESCRIBED PROPERTY."

At the time these escrow instructions were executed the plaintiff did not own the subject property but was purchasing the same under a contract dated January 30, 1958 for $10,000, payable $1,000 down and $100 or more per month. The plaintiff testified that she told the defendants that she did

not have title to the property, but was acquiring it by contract. The defendants deny they were so advised. However, shortly after opening the escrow a preliminary report was issued by the title company which showed that title was vested in Realty Company of America, Inc., a corporation; also showed the existence of a right-of-way for a single pole line over a small corner segment of the property; but, as the plaintiff's contract was not recorded, did not show her interest in the property.

On May 6, 1959, being the day before expiration of the 65-day period prescribed by the escrow instructions, the defendants gave notice of their disapproval of the preliminary title report; cancelled the escrow; and demanded the return of the $1,000 deposit.

Thereupon the plaintiff brought the instant action to enforce specific performance of the contract and, alleged, among other things, the existence thereof, its fairness, that she was ready, able and willing to perform, and the defendants' refusal to proceed.

The court found that the power pole line easement did not constitute a valid reason for disapproval of the preliminary title report; that the plaintiff was purchasing the property from Realty Company of America, Inc.; that, at all times, she was ready, able and willing to convey the property to the defendants; and ordered specific performance.

The evidence showed that the plaintiff never deposited or caused the deposit of a deed in escrow which would transfer title to the subject property to the defendants; that she never tendered such a deed to them; and that, at the time of trial, she still was not the owner of the property, although her unrecorded contract to purchase the same was in good standing. On the issue of fairness, the plaintiff offered testimony which showed that the property purchased by her under contract in 1958 for $10,000 and sold to the defendants in 1959 for $20,000, at the time of trial in 1960, was valued at $42,000.

From a judgment entered upon the findings heretofore related the defendants appeal contending, among other things, that the plaintiff's lack of title foreclosed a decree requiring them to specifically perform.

■ Before a seller under a contract for the sale and purchase of real property may obtain a decree of specific performance he must allege and prove that he is ready, able and willing to substantially perform his part of that contract.

(*Cockrill* v. *Boas*, 213 Cal. 490, 492 [2 P.2d 774]; *Buckmaster* v. *Bertram*, 186 Cal. 673, 677 [200 P. 610]; *Smith* v. *Taylor*, 82 Cal. 533, 541 [23 P. 217].) ▮ If the evidence does not establish that at the time of trial he is able to convey to the buyer a complete title to the property sold, he has failed to prove his ability to perform and may not obtain a decree requiring performance by the buyer. (*Miller* v. *Dyer*, 20 Cal.2d 526, 529 [127 P.2d 901, 141 A.L.R. 1428]; *Hollypark Realty Co.* v. *MacLoane*, 163 Cal.App.2d 549, 552 [329 P.2d 532]; *Cattell* v. *Jefferson*, 51 F.2d 317, 318 [60 App.D.C. 261]; *Bothwell* v. *Schmidt*, 248 Ill. 586 [94 N.E. 82, 83]; *Maryland Constr. Co.* v. *Kuper*, 90 Md. 529 [45 A. 197, 199]; *Joachim* v. *Belfus*, 108 N.J.E. 199 [154 A. 530].) In some instances special equitable considerations authorize the court to enter an interlocutory decree in the premises and grant the seller a reasonable additional time within which to perfect his title. (*McKevitt* v. *City of Sacramento*, 55 Cal.App. 117, 130 [203 P. 132]; *Moser* v. *Pearce*, 124 Cal.App. 478, 483 [12 P.2d 977]; *Moore* v. *Galupo*, 65 N.J.E. 194 [55 A. 628]; *Van Riper* v. *Wickersham*, 77 N.J.E. 232 [76 A. 1020-1023]; *Haumersen* v. *Sladky*, 220 Wis. 91 [264 N.W. 653, 657].)

▮ In the instant case the evidence showed that the plaintiff was unable to convey a complete title to the subject property; that her only interest therein was based on an existing but unrecorded contract to purchase the same; and that several thousand dollars remained unpaid upon the purchase price. The finding of the trial court that she was able to perform the conditions imposed upon her by the subject contract is not supported by the evidence.

▮ "Equity will not compel the buyer to perform his contract when it cannot guarantee performance by the vendor." (*Schmidt* v. *Callero*, 97 Cal.App.2d 582, 590 [218 P.2d 80].)

In support of the judgment, the plaintiff relies upon the decision in those cases which sustain the validity of a contract to sell property even though the seller does not have title thereto at the time of contracting, citing *Wheat* v. *Thomas*, 209 Cal. 306 [287 P. 102]; *Backman* v. *Park*, 157 Cal. 607 [108 P. 686, 137 Am.St. Rep. 153]; *Hanson* v. *Fox*, 155 Cal. 106 [99 P. 489, 132 Am.St.Rep. 72, 20 L.R.A. N.S. 338]. However, the accepted statement of the rule relied upon, insofar as it relates to enforceability by the seller, contains the proviso: ". . . if at the time of performance by him he is able

to convey good title." (*Backman* v. *Park, supra,* 157 Cal. 607, 610; *Wheat* v. *Thomas, supra,* 209 Cal. 306, 316; *Anderson* v. *Willson,* 48 Cal.App. 289, 294 [191 P. 1016].) This statement conforms with the requirements imposed upon the seller in a specific performance action.

From the statements made in plaintiff's brief on appeal, it is apparent that she intends to finance her purchase from the Realty Company of America, Inc., with funds supplied by the defendants. We advance no opinion as to whether under the circumstances of this case, the trial court, in the exercise of its discretion in the premises,[1] should grant the plaintiff additional time within which to perfect her title. In this regard it should be noted that pertinent issues deserving consideration are those involving time as of the essence of the contract in question (see *Moser* v. *Pearce, supra,* 124 Cal.App. 478, 483; *Ward* v. *Pearsall,* 3 F.2d 365, 368), an application of the rule that "the terms and conditions of an escrow must be strictly performed" (see *Altadena Escrow Corp.* v. *Beebe,* 181 Cal.App.2d 743, 745 [5 Cal.Rptr. 530]; *Todd* v. *Vestermark,* 145 Cal.App.2d 374, 377 [302 P.2d 347]), and mutuality of remedies under the facts existent in this case. (See *Wheat* v. *Thomas, supra,* 209 Cal. 306; *Friedrich* v. *Roland,* 95 Cal.App.2d 543, 550 [213 P.2d 423]; 45 Cal.Jur.2d 291-298; 81 C.J.S. 430.)

In any event the judgment at bar is deficient in both form and substance. It decrees specific performance by the purchaser when the seller is unable to perform. In addition, it directs the plaintiff to deposit with the clerk of the court a grant deed to the subject property, but does not designate the grantee therein; decrees that she have judgment against the defendants in the sum of $20,000, i.e., the purchase price, plus interest; orders that upon payment of the amount of the judgment the clerk shall deliver to the defendants the deed deposited with him by the plaintiff; further directs that in the event the judgment is not paid within 20 days the sheriff, who is appointed a commissioner to do so, shall sell the property in the manner prescribed by law for the foreclosure of mortgages, convey the property to the purchaser thereof free and clear of any claim of the parties to the instant action, and

---

[1]The specific enforcement of a contract, being a matter of grace and not of right, lies within an exercise of the court's discretion. (*Jackson* v. *Torrence,* 83 Cal. 521, 537 [23 P. 695]; *Mills* v. *Skaggs,* 64 Cal.App.2d 656, 660 [149 P.2d 204]; *Lind* v. *Baker,* 48 Cal.App.2d 234, 245 [119 P.2d 806].)

deposit the proceeds from such sale with the clerk; and further orders that in the event the amount deposited is not sufficient to satisfy the aforesaid judgment, that the plaintiff shall be entitled to a judgment against the defendants for the difference. When compared with the agreement of the parties, the substantive differences in this judgment are obvious. By their contract they agreed that the defendants should deposit the purchase price with the escrow holder which was to deliver the same to the plaintiff when the record title to the subject property was such that a designated title company could issue its policy of title insurance in the sum of $20,000 showing title vested in the defendants free of all encumbrances, except current taxes and easements of record. ▉▉▉ The court's decree directs specific performance by ordering the plaintiff to deposit with the clerk, for tender to the defendants, a grant deed to property which the evidence shows she does not own, although she may have a small equitable interest therein, disregarding entirely the right of the defendants to a clear title and a policy of title insurance (see *Schmidt* v. *Callero, supra,* 97 Cal.App.2d 582, 590), and enters judgment against the defendants for the full amount of the contract price, together with interest, neglecting to take into consideration or make any disposition of the $1,000 which they theretofore had deposited with the title company and, because entry of the judgment is not conditioned upon performance by the plaintiff, in reality imposes performance only upon the defendants, as the plaintiff never may be able to deliver a good title. Such a decree is improper. (See *Schmidt* v. *Callero, supra,* 97 Cal.App.2d 582, 589; *Watts* v. *Mohr,* 86 Cal.App.2d 256 [194 P.2d 758]; *Moser* v. *Pearce, supra,* 124 Cal.App. 478, 483-484.)

The defendants also raise other objections to the findings and conclusions of the trial court. However, in view of our indicated decision, it is not necessary that we consider these additional objections and express no opinion with respect thereto.

The judgment is reversed.

Griffin, P. J., and Shepard, J., concurred.