[L. A. No. 3884.  Department Two.—March 13, 1917.] ·

J. S. JOHNSON, Appellant, v. W. L. CLARK et al., Respondents.

VENDOR AND VENDEE—OPTIONAL CONTRACT OF SALE—WANT OF AC-
    CEPTANCE—SPECIFIC PERFORMANCE.—An agreement by the terms
    of which the owner of mining property binds himself to sell on
    specified terms and leaves it discretionary with the other party to
    the contract whether he will or will not buy, is simply an optional
    contract, and if not accepted by the person to whom the option is
    given, cannot be specifically enforced by the owner.

ID.—POSSESSION BY OPTIONAL VENDEE—PROSPECTING MINING PROPERTY.
    The mere fact that the person having the option, with the consent
    of the owner, went into possession of the property, did not amount
    to an acceptance, if the owner understood that such possession was
    taken solely for the purpose of examining and prospecting the
    property with the view of determining whether to accept it or not.

ID.—PAYMENT ON PURCHASE PRICE BY STRANGERS TO CONTRACT—RE-
    PUDIATION BY OPTIONAL VENDEE.—Where the holder of the option
    entered into an agreement with third parties to convey to them an
    interest in the property in the event he exercised his option of pur-
    chase, part payment of the purchase price made by such third

parties, without his knowledge or consent, and subject to his ap-
proval, does not operate as an acceptance, if promptly repudiated
by him upon learning thereof.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order refusing a new trial.
Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Z. B. Stuart, for Appellant.

Neighbours & Sproul, and C. W. Hoag, for Respondents.

LORIGAN, J.—This is an action to enforce specific per-
formance of a contract made by plaintiff with defendant
Clark on November 4, 1911, relative to the purchase of certain
placer mining property in Humboldt County in this state.
The other defendants were made defendants with Clark under
allegations in the complaint that they had acquired an inter-
est from defendant Clark in the contract of purchase subse-
quent to its execution. The complaint, among other allega-
tions, sets up the contract with Clark hereafter particularly
referred to, alleged an assignment by Clark to the other de-
fendants of an interest in said contract; payment by defend-
ant Neighbours on behalf of himself and all the other defend-
ants of one thousand dollars specified in the contract to be
paid; failure on the part of defendants to further comply
with the terms of the contract; and full compliance by plain-
tiff on his part. No point is made of the sufficiency of the
complaint, so that nothing further of its allegations need be
stated. Aside from an answer by all the defendants deny-
ing the allegations of the complaint, the defendant Maulhardt
(though plaintiff alleged that defendant Neighbours paid it
for the benefit of all the defendants), filed a cross-complaint
seeking a judgment against plaintiff for the repayment of the
one thousand dollars alleged to have been paid by him to
plaintiff, and the return to him of two promissory notes which
he alleged he had executed and deposited with plaintiff under
an alleged verbal and contingent agreement made by him with
plaintiff.

The court rendered judgment for all the defendants for
their costs, and in favor of defendant Maulhardt on his cross-

complaint for the repayment to him of the one thousand dollars, and the return of the promissory notes referred to. Plaintiff appeals from the judgment and an order denying his motion for a new trial.

The findings, with a recital of some of the evidence, will sufficiently present the points on appeal. The court found that plaintiff entered into an optional contract with defendant Clark on November 4, 1911, for the sale and purchase of the placer mining claims heretofore referred to on the following terms: One hundred dollars, paid by defendant Clark on the execution of the contract as part payment for the claims. The price was six thousand one hundred dollars and payable as follows: One thousand dollars on acceptance within thirty days from date; one thousand dollars in thirty days thereafter, and one thousand dollars in sixty days from date of second payment; two thousand dollars in nine months and one thousand dollars in one year, at seven per cent per annum. The gravel worked from said mines to pay twenty-five per cent of the proceeds to plaintiff to apply on said notes for the deferred payments which were to be secured by mortgage on the property. Title to be perfect; deed to be executed by plaintiff to Clark, or his assigns, on or before February 2, 1912, together with an abstract showing a merchantable title; provided, however, that the payment of three thousand dollars is paid at said date, but if not paid on or before February 2, 1912, then the contract to be of no effect, and in that event the said one hundred dollars to be retained by plaintiff as liquidated damages.

Upon the issue tendered under an allegation of the complaint, that Clark had assigned an interest in the said agreement to the other defendants Neighbours, Maulhardt, and Grant, and that on January 18, 1912, Maulhardt, one of the assignees of Clark, together with Neighbours and Grant, pursuant to the terms of the optional agreement, paid plaintiff the sum of one thousand dollars and deposited in his favor two promissory notes in bank, the court found, and the evidence shows, that an optional agreement was made by plaintiff and Clark at the date alleged; that Clark had never assigned his interest, or any part thereof, in said optional agreement to all, or either, of the defendants; that a transaction between defendants Maulhardt and Neighbours and plaintiff of January 18, 1912, was had; that at that time

Maulhardt made payment of one thousand dollars to plaintiff and deposited with plaintiff two promissory notes, but that said transaction was all made, had, done and performed by said parties in the absence of defendant Clark and subject to his approval, and that Clark, upon being notified forthwith of said verbal agreement between plaintiff and defendants Maulhardt and Neighbours, and the payment of said one thousand dollars and the depositing of said notes, immediately refused to approve said agreement and repudiated all the acts done and performed thereunder. The evidence shows that in the same notice of repudiation of February 14, 1912, Clark also notified plaintiff that he would not take the property.

An additional finding was that plaintiff did not execute a deed conveying said real property to Clark, nor did he cause an abstract of said property to be made, or tender the same to defendant Clark. It may be said here, however, that at the time of the transaction of January 18, 1912, between plaintiff and Maulhardt and Neighbours, when the one thousand dollars was paid, plaintiff executed a deed to Clark and to Grant, Maulhardt, and Neighbours conveying to them an equal undivided one-fourth interest each in said mining property, and deposited said deed in escrow in the bank to be delivered on compliance on the part of defendants with the terms of the agreement.

The court further found that Clark, and Grant as the employee of the latter, went into possession of the real property toward the end of November, 1911, with the consent of plaintiff; that Clark remained in possession by such consent until the latter part of March, 1912; that neither the defendant Clark nor any person acting under his authority, or by his consent, exercised the right to purchase granted under the terms of said optional agreement between plaintiff and Clark.

It appears from the evidence that, prior to the commencing of this action, plaintiff made a written demand on Clark and the other defendant (on the theory that they were the assignees of Clark under the said optional agreement) that they make the payments and perform the other terms of the contract and take the property, a demand to which they gave no attention, and plaintiff thereupon commenced this action.

Having presented these matters with sufficient fullness to discuss the points made by appellant we will proceed to their consideration.

Plaintiff contends, first, that the agreement between himself and Clark was more than a mere option for the purchase of these mining claims, but that even if it was not, the subsequent acts of Clark and Grant in entering into possession of the property with the consent of plaintiff and working it, constituted an acceptance which changed the optional contract into a contract of sale between plaintiff and Clark subject to specific performance as such. But it is quite clear that under any fair consideration of the terms of the agreement between plaintiff and Clark it was simply an optional agreement. When by the terms of an agreement the owner of property binds himself to sell on specified terms, and leaves it discretionary with the other party to the contract whether he will or will not buy, it constitutes simply an optional contract. This was all the contract involved here amounted to. Plaintiff agreed to sell to Clark on certain terms of payment. By the agreement itself as will appear in the finding first quoted, it was provided that Clark should have thirty days from the 4th of November, 1911, within which to accept its terms if he wished to do so. Subsequently, this time was extended forty-five days. The only effect of the agreement as far as Clark was concerned was that if he should fail or refuse to take the property he should lose his one hundred dollars. Nor did the fact that Clark went into possession of the property amount to an acceptance. It was not understood by either plaintiff or Clark that it should amount to this. Plaintiff understood that Clark was going on the property with his employee Grant solely to examine and prospect it for the very purpose of determining whether he would accept it or not. This is apparent from a letter from plaintiff to Clark of January 8, 1912, while the latter was working on the property asking for some assurance that there would be no liens for labor or material "should you [Clark] conclude not to buy." True, he remained in possession, working the property, after he refused to purchase it on February 14, 1912, but it appears he did so in order to perform the annual assessment work on the claims which he had orally promised plaintiff he would. In fact, the case of plaintiff was tried on the theory that the contract between himself and Clark was an optional agreement which had subsequently been accepted, it being claimed as additional evidence in support thereof that the other defendants were assignees of Clark of an interest in this optional agreement,

and by right of this assignment and the written consent and understanding of Clark, one of them, Maulhardt, for the benefit of all, paid the one thousand dollars and executed the two promissory notes referred to in the evidence and findings, all of which, it is claimed, constituted an acceptance of the optional agreement by all the defendants. The court found against this contention and appellant challenges the accuracy of the finding, but the evidence fully supports it. It appears therefrom as to these matters that while it is true that an agreement was made by Clark with the other defendants the same day that this optional agreement with plaintiff was entered into, Clark, nevertheless, did not thereby assign or transfer to them the optional agreement, or any interest in it. He agreed to convey to each an undivided one-fourth interest in the property. He made no present conveyance, but only agreed to do so in the future. He did not assign his optional contract or any interest in it. He agreed that if he closed the optional contract to purchase with plaintiff he would convey three-fourths of the property acquired under it to his codefendants. Until Clark exercised this option there was nothing upon which his contract with the other defendants could operate. The rights they acquired under the agreement with Clark were matters of concern only between themselves; Clark conveyed them no rights under his optional contract. That option was a matter respecting the acceptance or rejection of which the plaintiff and defendant Clark were alone directly interested.

· As to the payment of the one thousand dollars and the delivery of the notes on January 18, 1912, by Maulhardt: Upon this date Clark and Grant were in Humboldt County at the mines. Plaintiff and the other defendants were in Los Angeles. These defendants, other than Grant, called on plaintiff on January 18th and told him of their agreement with Clark—which was the first he seems to have known of it—and as the forty-five days' extension which had been granted Clark was about to expire, they asked for a further extension on behalf of Clark, which plaintiff refused to grant. He refused also to grant one even until the defendants could communicate with Clark, though they told him they could do nothing without consulting with Clark. Plaintiff, however, persisting in his refusal to grant any extension, Maulhardt then offered to pay plaintiff one thousand dollars and place the notes

in a bank upon the agreement with plaintiff that they—Maulhardt and Neighbours—should communicate with Clark, and if their action met with his approval the transaction should stand and the sale should go through. If Clark did not approve, then the money would be returned, as also the notes. The evidence leaves no room for question but that the court was warranted in finding that this payment of the money and the delivery of the notes it was agreed by plaintiff and the other defendants should be subject to the approval of Clark; nor can there be any question but that on learning of it, defendant Clark promptly repudiated the transaction. The defendants Maulhardt and Neighbours and the plaintiff wrote to Clark of what had been done in this regard, and upon the receipt of their letters Clark immediately wrote to the defendants refusing to approve their action, and likewise wrote to plaintiff saying that he had not authorized the action of the other defendants and "would not stand for it"; that he did not want the property and refused to accept it.

As this disposes of the only points involved on the appeal that require any special consideration, the judgment and order appealed from are affirmed.

Melvin, J., and Henshaw, J., concurred.