### POWELL v. HAMMON CONSOL. GOLD FIELDS.
No. 3075.
Second Division.
Sept. 1, 1928.

56

Thos. R. Lyons and Ira D. Orton, both of Seattle, Wash., for plaintiff.

O. D. Cochran, of Nome (Pillsbury, Madison & Sutro, of San Francisco, Cal., on the brief), for defendant.

LOMEN, District Judge.

 Defendant argues that, because the option was terminable at will (Montgomery v. Waldeck, 2 Alaska, 581) and the agreement "fundamentally an option, plus privileges of development and exploitation, pending determination whether to exercise the option," the waiver of the option terminated the lease, and cites 3 Lindley on Mines (3d Ed.) pp. 2123, 2124, and claims that the lease and option were "an entirety" and "interdependent," and termination of one "terminates the whole." Defendant also cites Snider v. Yarbrough, 43 Mont. 203, 115 P. 411; Johnson v. Clark, 174 Cal. 582, 163 P. 1004; Smith v. Beebe, 31 Idaho, 469, 174 P. 608—the last case to show defendants' right to surrender; also Harper v. Independence Devel. Co., 13 Ariz. 176, 108 P. 701. In this we do not agree with defendant.

Defendant further argues that the agreement itself prescribes the exclusive remedy for its breach, to wit, the provision above quoted: In the event of a *breach* by the defendant, or failure to make minimum annual payment, "the lessor may at his *option* terminate," etc., and upon *such* termination "no other or further liability shall be imposed on Gold Fields for breach of contract." This remedy defendant claims applies here and is exclusive. Hickman v. Sawyer (C.C.A.) 216 F. 281, Magnolia Provision Co. v. Coleman (Tex.Com.App.) 3 S.W.(2d) 412, and several other cases.

The trouble here is with the assumption that the agreement established such a rule in case of termination by the *lessee*. It clearly did not; hence the authorities cited do not apply.

The demurrer admits the allegations of the complaint, and hence admits *the amounts* alleged to be due. Taking the agreements "by their four corners," we find no provision authorizing defendant to surrender its lease, impliedly or otherwise. Whatever may be the effect of waiv-

ing its option, the cancellation of the lease was not one of them.

The authorities cited by the plaintiff fully sustain the sufficiency of the complaint. A "leasehold" estate was granted. It still subsists. The rent must be paid.

In this case the minimum annual payments provided for, which under the terms of the lease are rentals as well as payments on the purchase money fix the minimum rentals even though the option to purchase shall never be exercised. 40 Corpus Juris, 1029.

Plaintiff cites, on the proposition that the leases were the main purposes of the agreements and the option incidental Couch v. Welsh, 24 Utah, 36, 66 P. 600; Western Union Tel. Co. v. Lange et al. (C.C.A.) 248 F. 656; Western Union Tel. Co. v. Brown, 253 U.S. 101, 111, 40 S.Ct. 460, 64 L.Ed. 803; Northern Light Min. Co. v. Blue Goose Min. Co., 25 Cal.App. 282, 143 P. 540; Lehigh Zinc & Iron Co. v. Bamford, 150 U.S. 665, 14 S.Ct. 219, 221, 37 L.Ed. 1215, in which it was held: "Looking at all the provisions of the lease, it is clear that the defendant engaged to pay as rent in each year the royalties fixed in the lease, and if in any year the royalties fell below the sum of $1,000 it was to make up the deficit, so that the latter sum should, in any event, be paid annually as rent. * * * To secure the payment annually of at least $1,-000, the right was reserved to the plaintiffs to ' terminate the lease if the company failed in any year to pay that sum as rent. And that the company might get the advantage of any developments indicating that the leased premises were of substantial value, the exclusive privilege was reserved to it of purchasing them at any time while the lease remained in force for the price." Moxham v. Sherwood Co. (C.C.A.) 267 F. 781; Berwind-White Coal Mining Co. v. Martin (C.C.A.) 124 F. 313.

I find the plaintiff's proposition borne out by these authorities. A "leasehold is an estate for years to which

the lessee takes *title."* Viterbo v. Friedlander, 120 U.S. 707, 7 S.Ct. 962, 30 L.Ed. 776; 5 Words and Phrases, First Series, p. 4049.

The demurrer must be overruled. So ordered.