[Civ. No. 15825.   Second Dist., Div. Two.   Dec. 11, 1947.]

DAVID  SEYMOUR  et al., Appellants, v. OHMER  H. SHAEFFER et al., Respondents.

Edward Feldman for Appellants.

Oliver O. Clark, Robert A. Smith and James S. Jarrott for Respondents.

WILSON, J.—This is an action to enforce specific performance of a purported agreement of sale of real property. Judgment was entered in favor of defendants and plaintiffs have appealed.

After preliminary negotiations concerning the price to be paid for the property, respondents executed a receipt to appellant David Seymour reading as follows: "Recd. of David Seymour the sum of ($1000.00) check payable to Union Bank 8th & Hill St as a deposit on the property located at 737 S. Olive known as the State Hotel together with furniture & furnishings therein The total purchase price is $128,750 One Hundred & Twenty Eight Thousand Seven Hundred & fifty Dollars The sellers Homer Shaffer & Edith Shaffer agree to take back a first Trust Deed of $80,-000 Eighty Thousand Dollars payable $600.00 or more per month including 5% till paid The Sellers agree to furnish the buyer with an O.P.A. rental statement and Termite report, inventory of furniture & linens for the Buyers approval. Escrow to close on January 4th 1946. (Signed) O. H. Shaeffer Edith Shaeffer."

At the time of the execution of the receipt David Seymour handed to respondent Ohmer H. Shaeffer a check for $1,000 payable to Union Bank & Trust Company. On the back of the check was the following: "Deposit on State Hotel 737 So. Olive St. subject to terms and conditions of contract Oct. 29, 1945 & signed between David Seymour & Homer & Edith Shaeffer."

On November 7, 1945, appellant David Seymour went to the Union Bank & Trust Company where escrow instructions were prepared and signed by him. The instructions recited that "I will hand you $48,750.00 and any additional funds and documents" required for the compliance by said appellant with the instructions. The escrow holder was authorized to use the cash and documents provided on or before January 4, 1946, instruments were filed entitling the escrow holder to procure a policy of title insurance with

the title company's liability of $128,750 on the property, showing title vested in David Seymour and Charlotte D. Seymour, his wife, as joint tenants, subject to a mortgage securing a note for $80,000 executed by appellants in favor of respondents. The escrow holder was directed to hold for buyer a termite report by a licensed termite inspector, showing property free and clear of termites, dry rot, fungus, or other wood-destroying pests or insects. The escrow instructions were not signed by appellant Charlotte D. Seymour, nor were they signed or accepted by respondents. In fact the instructions were prepared without their knowledge, consent or authority.

Appellants maintain that the receipt of October 29, 1945, constitutes a sufficient memorandum in writing to entitle them to a conveyance. Neither the receipt nor the escrow instructions, nor both together, constitute an enforceable contract.

The receipt was not signed by either one of the appellants. It was not a mutual and reciprocal agreement. Appellants did not agree to purchase the property or to pay for it, hence if the Shaeffers had desired to enforce the contract against the Seymours the latter would have had a complete defense. ■ A contract for the purchase and sale of real property must be mutual and reciprocal in its obligations, and if the contract is not binding upon one of the parties and enforceable against him it cannot be enforced against the other. (*Cisco* v. *Van Lew*, 60 Cal.App.2d 575, 582 [141 P.2d 433] ; *Johnson* v. *Clark*, 174 Cal. 582, 586 [163 P. 1004] ; *White* v. *Bank of Hanford*, 148 Cal. 552, 553 [83 P. 698].) ■ The receipt constituted an offer by respondents which they were at liberty to withdraw at any time. The offer was never accepted by appellants and was withdrawn by respondents before the commencement of this action.

Respondents received no consideration for the purported agreement represented by the receipt. The check delivered by David Seymour at the time the receipt was signed was made payable to Union Bank & Trust Company. It could not be cashed by respondents and therefore did not constitute the payment of any consideration for the agreement. The check was later returned.

Appellant Charlotte D. Seymour was not named in the receipt of October 29 and she therefore acquired no right thereunder. The escrow instructions which were signed by

appellant David Seymour called for a deed vesting title in David Seymour and Charlotte D. Seymour, his wife, as joint tenants. Mrs. Seymour did not sign the instructions. In the absence of her signature she could not have been compelled by the Shaeffers to perform the agreement purporting to have been created by the escrow instructions (*Waldeck* v. *Hedden*, 89 Cal.App. 485, 492 [265 P. 340]) and she therefore cannot maintain an action to enforce the same against them.

Appellant David Seymour inserted requirements in the escrow instructions which he signed and made demands therein that are not recited in or contemplated by the receipt of October 29: (1) They called for a policy of title insurance with a liability of $128,750 covering the property in question, showing record title to be vested in appellants, the policy to be paid for by respondents. Respondents did not agree in the receipt to pay for a title insurance policy. ■ Where a contract is silent as to furnishing an abstract of title or a policy of title insurance it is not implied that the vendor shall furnish the same but it is incumbent on the purchaser to provide the abstract or insurance policy and to satisfy himself as to the condition of the title. (*Easton* v. *Montgomery*, 90 Cal. 307, 313 [27 P. 280, 25 Am.St.Rep. 123]; *Griesemer* v. *Hammond*, 18 Cal.App. 535, 540 [123 P. 818].) (2) The instructions called for a termite report showing the property free and clear of termites or other wood-destroying pests or insects. The receipt of October 29, provided merely for a termite report but did not specify that it should show the property free of pests. At the trial David Seymour testified that he was willing to waive a termite inspection but it does not appear that his waiver was ever communicated to respondents prior to the trial. (3) The demand with reference to payment of taxes by respondents was an arbitrary demand not covered by the original receipt.

■ The offer made by the receipt of October 29 was withdrawn on November 12, 1945, before the commencement of this action. Since it was a unilateral agreement for which respondents received no consideration the withdrawal terminated any obligation originally created by the receipt. Even if appellants had appended their signatures to the receipt it would not have been binding upon them (and therefore not binding on respondents) because there is

nothing in the receipt whereby appellants agreed to purchase the property or to pay the purchase price. The cases such as *Bird* v. *Potter*, 146 Cal. 286 [79 P. 970], *Benson* v. *Shotwell*, 87 Cal. 49 [25 P. 249, 681], and *Easton* v. *Montgomery*, 90 Cal. 307 [27 P. 280, 25 Am.St.Rep. 123], and others cited by appellants wherein it appears that unilateral agreements were specifically enforced, are those in which the purchaser paid or offered to pay the purchase price and performed or offered to perform all provisions of the agreement before the offer was withdrawn.

The purported contract evidenced by the receipt is silent as to several essential items. It refers to an escrow but none of the terms of the purported escrow are enumerated. Mrs. Seymour did not approve the receipt nor did she approve the escrow instructions.

█ Evidence was received with reference to. conversations had between appellant David Seymour and respondent Ohmer Shaeffer both prior to the execution of the receipt and after Seymour had signed the escrow instructions. Such conversations were not received by the trial court for the purpose of varying, explaining or adding to the terms of the receipt and will not be considered by us for that purpose.

█ Appellants complain that the court erred in refusing to admit evidence concerning other oral statements of the parties. Such evidence was inadmissible and no error can be predicated on the rulings of the court.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.