[Civ. No. 3904. Fourth Dist. July 19, 1948.]

RALPH SHATTUCK et al., Appellants, v. EULALIE
CHASE, Respondent.

Solon S. Kipp and W. E. Starke for Appellants.

Virgil S. Kipp for Respondent.

MARKS, J.—This is an appeal from a judgment in an action for specific performance in which it was decreed that plaintiffs take nothing by their action and that the action be dismissed.

Defendant was the owner of real estate in the city of San Diego. On March 30, 1943, she signed a written option giving Ralph Shattuck the right to purchase the property for $3,500. In the option defendant acknowledged the receipt of $1.00. The property involved was described and it was provided that the purchase price of $3,500 was to be paid: $1.00 in cash; $1,499 into escrow, and $2,000 at $20 per month including 5 per cent interest; that a good and sufficient deed be executed by Eulalie Chase to Ralph Shattuck on or before May 4, 1943, if the $1,499 be paid or tendered by that date. It was further provided that if the $1,499 were not so paid or tendered the option would be void and of no effect "and both parties released from all obligations herein."

Under date of April 3, 1943, Ralph Shattuck and defendant signed escrow instructions on the form of the Union Title Insurance and Trust Company. Eileen Shattuck did not sign the instructions. The property to be sold was again described, the purchase price stated and the receipt of $1.00 out of escrow acknowledged. Shattuck handed the escrow agent an additional $100 and agreed to pay the $1,399 in cash, and also agreed to execute and deliver a promissory note and trust deed for the unpaid balance. Title was to be vested in Ralph and Eileen Shattuck, husband and wife, as joint tenants or their order. The instructions contained the following:

"If you are unable to comply with the instructions within 30 days said money and instruments, except as hereinabove authorized, shall thereafter be returned on written demand, but in the absence of such demand you will proceed to comply with these instructions as soon as possible thereafter. And time is declared to be the essence of these instructions . . ."

In the portion of the escrow instructions signed by defendant she approved the terms and provisions set forth and already referred to, and agreed to the sale on the terms stated.

Plaintiffs filed the complaint in this action on March 30, 1946, three years after the giving of the option. There is no reason given in the record for the long delay in bringing the action, but defendant did not set up laches as a special defense.

Defendant was duly served with process, and having failed to appear her default was entered. On motion her default was vacated and she was permitted to appear by demurrer and answer, which she did. On vacating her default the condition was imposed that her demurrer be overruled so the sufficiency of the allegations of the complaint were not tested prior to the time of trial.

At the opening of the trial counsel for defendant objected to the introduction of any evidence by plaintiffs on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The objection was sustained and judgment was entered that plaintiffs take nothing by their suit and that their action be dismissed. This appeal followed.

An objection to the introduction of evidence on the ground that the complaint fails to state facts sufficient to constitute a cause of action has the same legal effect as a general demurrer so we must consider the sufficiency of the allegations of the pleading and do not need to refer to the answer.

Copies of the option and the escrow instructions are attached to the complaint and are made a part of it by reference. It is alleged that in addition to the $101 previously paid the plaintiffs, on June 16, 1943, delivered to the escrow holder $1,399 which was accepted by it on behalf of defendant; that plaintiffs were ready, willing and able to deliver the trust deed mentioned; that defendant failed and refused and still fails and refuses to deliver the instruments provided to be delivered by her in the contract.

It was also alleged that plaintiffs had performed all the conditions of the agreement on their part to be performed; that the property to be conveyed was an adequate consideration for the money to be paid; that the $3,500 to be paid was in fair proportion to the value of the property to be conveyed; that the contract was just and reasonable.

There is no allegation that either of the parties had demanded a return of the money and instruments placed in escrow as required in the portion of the escrow instructions already quoted, so the 30-day limitation on the time for completion of the escrow did not come into effect.

Defendant first argues that the option by its express terms expired on May 4, 1943, and as plaintiffs had not performed on that date their rights were terminated and they could not specifically enforce the agreement.

The option and escrow instructions clearly were parts of the same transaction. They were between the same parties and were concerned with the sale of the same property. Therefore they must be construed together as parts of one contract in order to ascertain the whole contract of the parties. (Civ. Code, § 1642; *People* v. *Ganahl Lumber Co.,* 10 Cal.2d 501 [75 P.2d 1067]; *Neher* v. *Kauffman,* 197 Cal. 674 [242 P. 713]; *Tuso* v. *Green,* 194 Cal. 574 [229 P. 327].) In *Symonds* v. *Sherman,* 219 Cal. 249 [26 P.2d 293], the rule is thus stated: "It is a general rule that several papers relating to the same subject-matter and executed as parts of substantially one transaction, are to be construed together as one contract (6 Cal.Jur. 298; 19 Cal.Jur. 832; Civ. Code, sec. 1642; *Goodwin* v. *Nickerson,* 51 Cal. 166)." Many other cases to the same effect are cited in volume 4 at page 129 of the Ten Year Supplement to California Jurisprudence. We must therefore conclude that the option and escrow instructions form but one contract and must be construed together as stating the terms of a single contract.

It is true that the option, by its terms, expired on May 4, 1943. It is also true that the escrow instructions executed the day before, modified that provision of the option by expressly granting 30 days in which to close the escrow and thereafter until one or both of the parties demanded the return of the deposited money or documents. As no such demand is alleged there is no *express* time limit on completion and under the pleadings we can hold neither party in default in that respect.

It is next argued that the action cannot be maintained because Eileen Shattuck did not sign, either in person or by agent, any of the documents involved. This is true insofar as she is concerned. There is no mutuality of contract between Mrs. Shattuck and Miss Chase which is a necessary element underlying an action for specific performance. (*Seymour* v. *Shaeffer,* 82 Cal.App.2d 823 [187 P.2d 95].) It follows that the complaint failed to state a cause of action in favor of Mrs. Shattuck and that the trial court's action in denying her relief must be affirmed. It does not necessarily follow that the judgment against Ralph Shattuck must be affirmed for we know of no rule providing that

where there are two or more plaintiffs and the complaint fails to state a cause of action in favor of one of them it may not state a cause of action in favor of another. Mr. Shattuck was a party to and a signer of the contract of purchase so the reciprocal rights and remedy rule which is invoked against Mrs. Shattuck cannot be invoked against him.

The other chief attack on the sufficiency of the complaint is in its attempting to allege that the price to be paid for the land was its reasonable market value and that the transaction was just, fair and equitable. We have already summarized some of these allegations. It must be admitted that some of them are subject to the criticism made by the defendant that they are legal conclusions. When taken as a whole they show an apparently honest attempt to allege facts. While the allegations are not clearly made and would be open to attack by special demurrer they are not entirely devoid of merit. They do not differ greatly from those held sufficient against general demurrer in the cases of *Cushing* v. *Levi,* 117 Cal.App. 94 [3 P.2d 958]; *Boro* v. *Ruzich,* 58 Cal.App.2d 535 [137 P.2d 51], and *O'Donnell* v. *Lutter,* 68 Cal.App.2d 376 [156 P.2d 958]. Shattuck should be permitted to amend his complaint if he be so advised.

The portion of the judgment against Eileen Shattuck is affirmed. The portion of the judgment against Ralph Shattuck is reversed. Neither party will recover costs of appeal.

Barnard, P. J., concurred.