[Civ. No. 8.   Fifth Dist.   Nov. 21, 1961.]

ANDY WHEAT, Plaintiff and Respondent, v. GEORGE W. MORSE, as Administrator, etc., Defendant and Appellant.

Clarence H. Pease and William E. Dopkins for Defendant and Appellant.

Crowe, Mitchell, Hurlbutt & Clevenger and Sidney J. W. Sharp for Plaintiff and Respondent.

CONLEY, P. J.—This is an appeal from a decree of specific performance of a written option executed by Ethel Upson Lee, who died prior to its exercise, in favor of Andy Wheat. The real property involved consists of approximately three hundred acres in Tulare County near the City of Corcoran.

Appellant urges three grounds for reversal, claiming (1) that the option itself was void in that it never was consented to by the decedent; (2) that there was a lack of adequate consideration for the option as such (appellant conceding, however, that the consideration for the purchase of the land —$75 per acre—is to be considered as technically adequate for the purpose of the appeal); (3) that there was undue influence exercised by the respondent because of the "grossly inadequate consideration" coupled with (a) a breach of confidential relationship and (b) a weak mental and physical condition of the decedent.

The facts, stated most strongly in favor of the respondent where there was a conflict of evidence, (*Clark* v. *Redlich*, 147 Cal.App.2d 500, 504 [305 P.2d 239]) are as follows: Ethel Upson Lee, a widow, acquired ownership of the land by will from a stranger. Not desiring to operate the property herself, she leased it to respondent, an experienced farmer in the same

territory. At the same time she gave respondent an oral option to purchase the land at $75 per acre, and on February 10, 1948, this option was reduced to writing; by its terms it was to expire on February 1, 1955. On April 11, 1952, decedent and respondent entered into a second crop share lease for a period of ten years.

On June 1, 1953, decedent executed the exclusive option here in question for a period of eleven years and eight months; the recited consideration was the sum of $1.00, which was in fact paid. At that time the decedent was a 69-year-old widow suffering, as found by the court, from ". . . illness which included difficulty with her vision." When the document was executed, as found by the court on substantial evidence, ". . . she was mentally alert and in all respects fully competent to read, understand and execute the instrument in writing and option. . . ." She had come to Corcoran alone from Sacramento County to discuss the existing situation with Mr. Wheat. The parties went together to a real estate office where at their request the typewritten document was prepared; it followed practically word for word the form of the previous option which had been executed by Mrs. Lee; she read the instrument and understood it and signed it freely and voluntarily; and her health appeared at that time to three competent witnesses to be good.

On August 18, 1955, the decedent signed, served on the respondent and recorded an attempted rescission and withdrawal of the option. This purported rescission was found by the trial court to be ". . . wholly ineffectual for any purpose. . . ."

Mrs. Lee died on October 24, 1955, and the option was exercised on January 29, 1957.

The trial court found in favor of plaintiff and respondent on all issues, and a decree of specific performance followed. The record supports the findings in every respect. Appellant relies strongly upon *Herbert* v. *Lankershim*, 9 Cal.2d 409 [71 P.2d 220]. [██] But that case does not change the general rule that if findings are supported by substantial evidence an appellate court cannot reassess the weight of conflicting evidence or presume to pass upon the credibility of witnesses. (*Taylor* v. *Wright*, 69 Cal.App.2d 371, 387 [159 P.2d 980]; *Roeder* v. *Roeder*, 118 Cal.App.2d 572, 582 [258 P.2d 581]; *Ferrari* v. *Mambretti*, 58 Cal.App.2d 318, 323 [136 P.2d 326]; *Ventimiglia* v. *Hodgen*, 112 Cal.App.2d 658, 662 [247 P.2d 123]; *New* v. *New*, 148 Cal.App.2d 372, 383 [306 P.2d 987];

*Shearer* v. *Cooper,* 21 Cal.2d 695, 703 [134 P.2d 764] ; *Petersen* v. *Dynes,* 103 Cal.App.2d 5, 11 [228 P.2d 616].)

In *Herbert* v. *Lankershim, supra,* 9 Cal.2d 409, 476 [71 P.2d 220] the Supreme Court stated after a minute and painstaking analysis of the entire record that ". . . it is a very serious question whether, as a matter of law, the evidence adduced by the plaintiff is sufficiently substantial to support the judgment," and that errors of the trial court, which in other circumstances might conceivably be considered insufficient to reverse, (Const., art. VI, § 4½) should be deemed sufficient in the light of the doubtful proof to constitute a miscarriage of justice. The *Lankershim* opinion, *supra,* 9 Cal.2d at page 471 [71 P.2d at p. 251] reasserts the ". . . often applied rule that an appellate court will not interfere with the judgment entered by a fact-finding body when there exists a substantial conflict in evidence."

The contention made by appellant that there was a lack of consent on the part of decedent to the execution of the option is based upon the line of authorities which hold that a signed release is void and of no effect if there was actually no assent to the instrument by the party sought to be held (*Tyner* v. *Axt,* 113 Cal.App. 408, 412 [298 P. 537] ; *Wetzstein* v. *Thomasson,* 34 Cal.App.2d 554, 559 [93 P.2d 1028] ; and *Smith* v. *Occidental & Oriental Steamship Co.,* 99 Cal. 462, 471 [34 P. 84] ). ▇ It is elementary that if there is no actual assent to a signed writing, the alleged release, or contract, never becomes effective. ▇ But in this case the trial court found on substantial evidence that at the time of the execution of the document the decedent was fully competent to read, understand and execute the instrument, that she did read and understand it and that there was no fraud involved. Appellant's contention is thus without merit.

The uncontradicted evidence shows that the sum of $1.00, the consideration alleged in the option, was in fact paid. But appellant urges that "[I]t is time that our appellate courts take another long, hard and exhaustive look into the problem of the adequacy of nominal money consideration to support a long term option." ▇ The law, however, is firmly fixed that "[A]n option given for a consideration, however small, is irrevocable and cannot be terminated, without the consent of the other party, during the time named in the option." (*Stough* v. *Hanson,* 46 Cal.App.2d 504, 506 [116 P.2d 77].) (See also *Marsh* v. *Lott,* 8 Cal.App. 384, 390 [97 P. 163] ; *Smith* v. *Bangham,* 156 Cal. 359 [104 P. 689, 28 L.R.A. N.S.

522]; *W. G. Reese Co.* v. *House,* 162 Cal. 740, 745 [124 P. 442]; *Chrisman* v. *Southern Cal. Edison Co.,* 83 Cal.App. 249, 254 [256 P. 618]; *Glascock* v. *Sukumlyn,* 131 Cal.App.2d 587, 595 [281 P.2d 90]; 1 Corbin on Contracts, § 263, p. 868; 1 Williston on Contracts (3d ed.) § 115, p. 455.) We would be legislating if we were to change a rule of law so clearly established.

Defendant suggests that the court did not make findings on the issue of undue influence. He relies for his pleading of undue influence upon the allegations contained in defendant's "Separate, Distinct Answer and Affirmative Defense"; the words "undue infiuence" are not used in the pleading, but the facts which he claims constitute undue influence are alleged, and they unquestionably constitute what counsel relies upon as a statement of that defense; undoubtedly, the pretrial conference order stating undue influence as one of the issues is based upon the same pleading. The trial court specifically found that all of these allegations of fact were untrue except where affirmatively found to the contrary, and further determined that ". . . it is not true that said Ethel Upson Lee executed or delivered said instrument in writing and option to said plaintiff as the result of any fraud on the part of said plaintiff or as the result of any mistake on the part of said Ethel Upson Lee; and that it is not true that said plaintiff was guilty of any fraud whatsoever in connection with the execution and delivery to him of said instrument in writing and option." ▇▇ Inasmuch as the court on substantial evidence found that the factual allegations contained in the separate defense which is relied on by defendant as a pleading of undue influence were untrue, it is clear that the trial court has in fact found against any claim of undue influence, and it further appears that such finding is based upon substantial evidence.

▇▇ The affirmative defense in the answer contains the allegation: "That decedent knew plaintiff and plaintiff's wife for some period of time prior to June 1953; that she believed plaintiff to be an honest and trustworthy person and had confidence in his truthfulness and integrity."

The record, fairly considered, does not show that a confidential relationship existed between the parties. No doubt, the decedent enjoyed a general friendship with the lessee and his wife through the many years of doing business at arm's length with him; she doubtless also had confidence in his

honesty and integrity in the same sense that people dealing with each other for many years as lessor and lessee usually do; she had visited with the respondent and his wife, though at infrequent intervals, and received normal social kindnesses on her visits, but the record is wholly insufficient to establish confidential relationship or any undue influence on the part of the respondent. In *Williams* v. *Williams,* 163 Cal.App.2d 144, 147 [329 P.2d 70], the court quotes with approval the following statement from *Webb* v. *Saunders,* 79 Cal.App.2d 863, 871 [181 P.2d 43]:

" 'Undue influence has been defined to be that kind of influence or supremacy of one mind over another by which that other is prevented from acting according to his own wish or judgment, and whereby the will of the person is overborne and he is induced to do or forbear to do an act which he would not do, or would do, if left to act freely.' "

The court legitimately found on the evidence that there was no fraud or undue influence.

We find no error in the record.

The judgment is affirmed.

Brown, J., concurred.

Stone, J., being disqualified, did not participate.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1962.