[Civ. No. 38199. Second Dist., Div. Two. Oct. 20, 1971.]

WOLODYMYE J. KOWAL, Plaintiff and Appellant, v. EMANUEL DAY et al., Defendants and Respondents.

## Counsel

Stanley S. Feinstein for Plaintiff and Appellant.

Falcone & Falcone and Dewey Lawes Falcone for Defendants and Respondents.

## Opinion

**HERNDON, J.**—Plaintiff appeals from an order of dismissal entered after the court below had sustained defendants' demurrer to his amended complaint without leave to amend. Appellant now contends that his amended complaint stated a cause of action, and, alternatively, that it was an abuse of discretion to deny him leave to amend further. We conclude that the complaint does state a cause of action, and that the order appealed from should be reversed.

The following statement of facts is taken from appellant's first amended complaint: "That on or about June 12, 1970 the plaintiff and defendants entered into an agreement in writing whereby the plaintiff agreed to buying and the defendants agreed to sell the aforesaid real property. A copy of said agreement is attached hereto as Exhibit 'A' and incorporated herein.

"That in furtherance of the terms as provided in the aforesaid agreement as set forth in paragraph V, and in partial consideration thereof, the plaintiff has given and the defendants have taken for their own use and benefit, a certain 1970 Volkswagen automobile.

"The plaintiff has expended various sums of money and has incurred obligations on the assumption of and on the reliance on defendants' promise to sell and convey said real property to plaintiff. That among said obliga-

tions and expenditures was the cancellation of a certain lease on the premises then occupied by plaintiff, the making of a lease to a certain funeral parlor and others on the subject premises, the ordering of blueprints in the sum of $300.00 to remodel the subject premises, ordering of new stationery with the address of the subject premises, publishing and recording fees of $26.00 in regard to obtaining a d.b.a. as to subject premises.

"That defendants have failed and refused to perform their obligations for their part under the aforesaid agreement and defendants have refused and still continue to refuse to execute such conveyance as provided in said agreement."

The alternative remedies sought by the prayer of the complaint are: specific performance of the contract, damages for its breach, and a declaratory judgment.

The escrow instructions which are incorporated in the complaint are relied upon by appellant as the contract which he seeks to enforce. We shall quote therefrom only those provisions which appear relevant to the issues of law tendered by the conflicting contentions of the parties on this appeal. The first sentence of the escrow instructions reads as follows: "On or before July 27, 1970, I will hand you the sum of $6,000.00 of which I hand you herewith the sum of $500.00 as deposit into escrow. I will further hand you the title to a 1970 Volkswagen car and a note and trust deed as called for in Item #6 below."

Other provisions of the instructions include the following:

"B. A matter with which Crown Escrow Corporation shall not be concerned: Seller shall deposit into escrow an agreement with respect to the right of the Buyer to rescind this sale within forty-five days after the close of escrow. Crown shall only be responsible with the manual delivery of said agreement to the Buyer at the close of escrow.

"D. Buyer will deliver the car shown above outside of escrow, Crown shall not be concerned."

The trial court reasoned that since plaintiff had the unconditional and unilateral right to rescind at his pleasure, the agreement sued upon lacked mutuality of obligation and was unenforceable for want of consideration. Appellant attacks this ruling contending, inter alia, that "a contract does not lack mutuality of obligation where either of the parties thereto has an option to terminate it within a certain specified time."

The authorities cited by appellant do not support such a broad generalization with respect to the legal effect of a unilateral and unconditional

right to disaffirm upon the mutuality of obligation requisite to the enforceability of a contract. In both *R. J. Cardinal Co.* v. *Ritchie,* 218 Cal.App.2d 124 [32 Cal.Rptr. 545], and *Van Demark* v. *California H. E. Assn.,* 43 Cal.App. 685 [185 P. 866], the two options to terminate were conditioned upon the exercise of "satisfaction clauses" which could be legally invoked only in good faith and with reason. (Cf. *Weisz Trucking Co.* v. *Emil R. Wohl Constr.,* 13 Cal.App.3d 256 [91 Cal.Rptr. 489].)

The *Cardinal* option to terminate was restricted by the requirement of "good cause" containing "the essential ingredients of reasonable grounds and good faith." The *Van Demark* option to terminate required "dissatisfaction" which, as the court held, was subject to the test of an objective standard of reasonableness.

■ The lack of any restrictive requirement of reasonable or good faith dissatisfaction in the rescission clause of the agreement in the case at bar causes the appellant's promise to be illusory, and the agreement fails as a bilateral contract. In both *Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300, 308 [266 P.2d 856], and *Shortell* v. *Evans-Ferguson Corp.,* 98 Cal. App. 650, 660 [277 P. 519], land sale agreements were held to be unenforceable for want of mutuality of obligation.

In *Lawrence Block Co.* v. *Palston, supra,* the court stated the general rule thusly: "Where the parties assume to make a contract in which one's promise is the consideration for the promise by the other, the promises must be mutual. To be obligatory on either party, the contract must be mutual and reciprocal in its obligations. One who promises to do a thing only if it pleases him, is not bound to perform. (*Central Oil Co.* v. *Southern Refining Co.,* 154 Cal. 165 [97 P. 177]; 12 Cal.Jur.2d 317, § 114.) Where a contract imposes no definite obligation on one party to perform, it lacks mutuality of obligation. It is elementary that where performance is optional with one of the parties no enforceable obligation exists. [Citations.]"

"The general rule is stated in 13 Corpus Juris, at page 337, supported by reference to a number of decisions, that where one party reserves the right of cancellation mutuality is absent." (*Shortell* v. *Evans-Ferguson Corp., supra,* 98 Cal.App. 650, 660.)

Next, appellant contends that the lack of mutuality is cured by the institution of this action because, in his words, he "has placed himself before the jurisdiction of the court which can assure his performance of his obligation under said contract." Appellant cites *Ellis* v. *Mihelis,* 60 Cal.2d 206, 216 [32 Cal.Rptr. 415, 384 P.2d 7], and *Landis* v. *Blomquist,* 257 Cal.App.2d 533, 537 [64 Cal.Rptr. 865], for the proposition that

the bringing of an action for specific performance satisfies the mutuality requirement. This rule does not apply because the lack of mutuality of obligation in appellant's agreement concerns the defective promise, and the rule of *Ellis* and *Landis* concerns mutuality of remedy as a requirement for an action in specific performance. The fact that appellant's performance of an illusory promise is assured does not change the nature of the promise. In short, appellant has confused mutuality of obligation with mutuality of remedy.

■■ Appellant next argues that even if his promise to purchase the land fails as consideration because of its illusory nature, his part performance in transferring possession of the automobile and his other acts in reliance upon the existence of a contract render the agreement enforceable. In other words, appellant contends that the contract is enforceable because he gave and respondents accepted sufficient consideration for an option.

*Black Light Corp.* v. *Ultra-Violet Products, Inc.*, 195 Cal.App.2d 473 [15 Cal.Rptr. 852], explains the role of consideration in reviving a contract that has failed due to an illusory promise. "The trial court gave too literal a construction to the statement that a purported contract is lacking in mutuality if one party can withdraw from it 'at will.' Withdrawal 'at will' means withdrawal without having given a consideration for the promises of the other party. The question of mutuality is merely one of consideration." Further on the court concludes: "If there is mutuality of consideration, it matters not whether the right to withdraw is the same as to each party, or whether notice of withdrawal must be given in advance." (At p. 478.)

In support of the contention that his actions constituted a valid consideration, appellant cites *Stone* v. *Burke,* 110 Cal.App.2d 748 [244 P.2d 51], and *Wilck* v. *Herbert,* 78 Cal.App.2d 392 [178 P.2d 25]. However, many of appellant's actions can be distinguished from those that might furnish sufficient consideration because they were not bargained-for considerations.

In *Stone,* the party whose promise was illusory, due to her right to terminate the agreement at will, was allowed to enforce the agreement because she had suffered prejudice as an inducement to the promisor. This prejudice satisfied the consideration requirement to render the agreement enforceable as a unilateral contract. Many of appellant's acts which he contends constitute such detrimental reliance were not performed as an inducement to the promisor, but rather were mere preparations for his own use of the building.

Respondent's promise to sell the building was not induced by appellant's intention to occupy the building, but by his promise to pay for the build-

ing. Thus, the acts of cancelling another lease, contracting to lease a portion of the building to another, ordering blueprints for remodeling, purchasing business stationery with the new address, or changing the address on the business certificate are not the type of detrimental reliance that satisfies the consideration requirement because they were not bargained-for considerations.

In *Prather* v. *Vasquez*, 162 Cal.App.2d 198 [327 P.2d 963], a land sale agreement was held to be unenforceable for want of mutuality of obligation on the part of the buyer. In response to the buyer's contention that his acts in reliance on the seller's promise constituted consideration, the court answered:

"We do not doubt that Halterman suffered detriment in endeavoring to obtain the authorities' approval of a rezoning and a subdivision. But the consideration for a promise must be an act or a return promise, bargained for and given in exchange for the promise. [Citation.] Halterman's efforts would have constituted consideration for an option had respondents agreed to accept them as such. However, the escrow instructions did not contain a promise by Halterman to obtain approval of a subdivision plan or to do anything in the interest of respondents, and it is clear that respondents did not agree to keep the offer open in return for his endeavors." (At p. 205.)

In *Wilck,* the defendant's promise was enforceable because the rendering of substantial services by the promisee pursuant to the agreement was held to constitute sufficient consideration. The promotional services rendered by the plaintiff in *Wilck* pursuant to the agreement caused the defendant's offer to let the plaintiff handle the production of his play to become irrevocable. ■ Likewise, in the case at bench, the acceptance and use of the automobile by defendants made their promise to sell the land irrevocable.

When, as appellant alleges in his complaint, he gave, and the defendants accepted, possession of the automobile "for their own use and benefit," the rescission clause achieved the status of an enforceable option. The transfer of possession of the automobile was bargained-for consideration since it was required by the terms of the escrow instructions to be given during the executory period. Respondent, however, contends that the transfer of possession of the automobile is of no consequence because appellant had the right to disaffirm the transaction and demand the return of the automobile.

In *Copple* v. *Aigeltinger,* 167 Cal. 706, 709 [140 P. 1073], the option was held to be irrevocable because the optionee gave to the optionor a

$10 deposit toward the purchase price at the time that he received the option. The court held that the option was enforceable against the optionor in spite of the fact that the optionee did not promise to purchase the property ". . . for the simple reason that it was based upon a valuable consideration moving from plaintiff to him, the payment of a portion of the purchase price, and thus constituted a contract binding on him."

*Seymour* v. *Shaeffer,* 82 Cal.App.2d 823, 825 [187 P.2d 95], involved the transfer of a deposit to an escrow holder. The court found insufficient consideration to change the illusory bilateral contract into an option contract. However, the *Seymour* court considered the fact that the check given to the escrow holder was never cashed. "Respondents received no consideration for the purported agreement represented by the receipt. The check delivered by David Seymour at the time the receipt was signed was made payable to Union Bank & Trust Company. It could not be cashed by respondents and therefore did not constitute the payment of any consideration for the agreement. The check was later returned."

We hold that the part performance which was effected by appellant's delivery and respondents' acceptance of the automobile "for their own use and benefit" constituted sufficient consideration for appellant's 45-day option to purchase the property.

Any consideration, however small, has been held sufficient for an option contract. In *Marsh* v. *Lott,* 8 Cal.App. 384 [97 P. 163], the option contract sought to be enforced was given for a consideration of 25 cents. The Court of Appeal, in overturning the trial court's finding that there was no adequate consideration paid by the optionee, stated: "In our judgment, any money consideration, however small, paid and received for an option to purchase property at its adequate value is binding upon the seller thereof for the time specified therein, and is irrevocable for want of its adequacy." (At p. 390.)

The *Marsh* court reasoned at page 389: "From the very nature of the case, no standard exists whereby to determine the adequate value of an option to purchase specific real estate," and then the court stated the rule: "An option given by the owner of land for a valuable consideration, whether adequate or not, agreeing to sell it to another at a fixed price if accepted within a specified time, is binding upon the owner and all his successors in interest with knowledge thereof. [Citations.]" (At p. 390.)

We conclude that any consideration is sufficient to render an option binding on the optionor. *Stough* v. *Hanson,* 46 Cal.App.2d 504, 506 [116 P.2d 77], formulated the rule thusly: "Moreover, it is well settled that an option given for a consideration, however small, is irrevocable and

cannot be terminated, without the consent of the other party, during the time named in the option."

When an optionee, acting pursuant to the bargain, places something of value in the hands of his optionor, the use of that thing satisfies the consideration requirement for the option contract. Moreover, considering the commercially reasonable expectations of the parties, the only reason that the optionee would deposit something of value with the optionor is as consideration for the option. In the event that the optionee does not exercise the option and he regains the thing deposited, the optionor has received the benefit of the use of the thing, and the optionee has suffered the detriment of not having the use of the thing deposited. The consideration requirement is thereby satisfied.

Thus, plaintiff has alleged facts sufficient to state a cause of action for breach of an option contract.

The order of dismissal is reversed.

Roth, P. J., and Compton, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 16, 1971.